IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN M. McHALE, | |
| Plaintiff, | |
| v. | Case No. 17 C 2896 |
| DAVID J. SHULKIN, as Secretary, U.S. Department Of Veterans Affairs, | Judge Harry D. Leinenweber |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

The Plaintiff, Erin M. McHale, after receiving a certificate from an Everest College training program, started working for the Hines VA Hospital ("Hines") in 2011 as an inpatient pharmacy technician GS-6. (Pl.'s Resp. to Def.'s Stmt. Of Facts ("PSOF") ¶¶ 1-2, Dkt. No. 76.) Her duties were filling prescriptions and batch prescriptions, delivering prescriptions, and making IV medications for all the hospital patients. (*Id.* ¶ 3.) In May 2014 she was transferred to the Hines outpatient pharmacy where her classification and duties remained the same. (*Id.* ¶¶ 4-5.) In May 2017, she was transferred to her current position at Hines: advanced medical support position, at the same GS-6 grade. (*Id.* ¶ 6.)

Plaintiff received excellent ratings in her performance appraisal for the 2012 to 2013 work period. (Def.'s Resp. to Pl.'s Stmt. Of Facts ("DOSF") ¶ 3, Dkt. No. 78.) However, in the fall of 2014, she began to develop attendance problems which she attributed to diabetes medication she was taking. (*Id.* ¶ 4.) As a result, her supervisor informed her that she was taking too much sick leave and she placed her on sick leave restriction. (*Id.* ¶ 6.) On January 23, 2015, Plaintiff contacted the VA EEO counselor complaining of the sick leave restriction. (PSOF ¶ 7.) After mediation failed, she filed an administrative complaint of discrimination on April 24, 2015. (*Id.* ¶ 8.) In this Complaint, she again complained about the sick leave restriction but also added complaints about not receiving a December 2014 promotional position and for not receiving another promotional position in March 2015. (*Id.*) However, her sick leave complaint was dismissed pursuant to an EEOC regulation because she had previously grieved this subject with her union. (*Id.* ¶ 9.) She then amended her administrative complaint to include a claim of retaliation for her EEO activity and a claim of a hostile environment. Her complaints consisted of the following:

> (1) On December 17, 2014, she was not selected for the position of procurement technician, GS-7 under vacancy announcement number HN-14-BD-1263659-BU;

(2) On January 12, 2015, her supervisor sent out an email to staff criticizing her for mail left in the cart, which humiliated her;

(3) On March 12, 2015, her supervisor was extremely rude to her in the presence of other employees while blaming her for deficiencies of another employee;

(4) On April 6, 2015, her annual leave request was denied;

(5) On March 19, 2015, she was not selected for the position of pharmacy technician (automation), GS-7 under vacancy announcement number HN 15-BD- 1320292;

(6) On March 23, 2015, she was given additional duties without any assistance;

(7) On June 25, 2015, she was forced to use leave without pay ("LWOP");

(8) On September 30, 2015 and October 2, 2015, her supervisor's friend entered 45 minutes of annual leave into the system which was against policy;

(9) On October 1, 2015, management only allowed her 30 minutes of administrative leave to gather information for her EEO investigation although she needed more time;

(10) On October 1, 2015, she was forced to use leave without pay ("LWOPP);

(11) On November 3, 2015, she was forced to use annual leave for her late arrival;

(12) On November 3, 2015, she was not selected for the position of automation technician under vacancy announcement number HN-15- BC-1511304-BU; and

(13) On November 3, 2015, her supervisor failed to assist her when completing her worker's compensation forms.

(*Id.* ¶¶ 8-10.) The investigation of Plaintiff's administrative complaints included an investigator interviewing under oath and

obtaining affidavits from Plaintiff, her supervisor, and the chief of the Hines pharmacy department, who had been accused by Plaintiff of retaliation for her prior EEO activity. (*Id.* ¶ 13.) The investigator also interviewed under oath and obtained affidavits from the members of the selection panel that made the promotion recommendations, as well as from other management and human resources personnel. (*Id.* ¶ 22.) A final agency decision dismissing the complaint was filed on January 6, 2017. (*Id.* ¶ 28; Final Agency Decision, Def.'s Stmt. of Facts, Ex. C, Dkt. No. 69-3.) Plaintiff timely filed this Complaint in Federal District Court in which she raises her non selection for promotions in 2014 and 2015, her claim of hostile environment, her sick leave claim from 2014, and the discipline she received, and for the first time, a claim of discrimination in violation of the Rehabilitation Act, 29 U.S.C. §§ 791, 794. (Dkt. No. 1.) Her disability claim is based on alleged side effects of diabetes medication she was taking that affected her ability to perform her work in 2016 and for the failure reasonably to accommodate this alleged disability. She also raised for the first time a claim that she was unfairly downgraded by her supervisor in 2016. The Defendant now moves for summary judgment. (Dkt. No. 67.)

## II. DISCUSSION

### A. The Failure to Promote Claim

Plaintiff's failure to promote claim is premised on retaliation by the Department for her prior EEOC activity for which administrative review had been exhausted. The Administrative complaint panel who investigated Plaintiff's claims found that Plaintiff's qualifications were not significantly superior to the qualifications of the successful candidates, and that she did not produce any direct or indirect evidence that her non-selection was based on protected EEO activity. The panel found that, while Plaintiff scored higher on the interview portion of the application process, the successful candidates each had more experience and seniority than Plaintiff, so that her qualifications were not so significantly higher to give an inference of pretext. The panel noted that each of the successful candidates had themselves filed prior EEO complaints, including a complaint by one of them against Plaintiff's own supervisor. The second position Plaintiff applied for was pharmacy automation position and the successful candidate held that same position at another agency, so that her qualifications were clearly superior. Moreover, Plaintiff had her sick leave problems which the successful applicants did not have.

In the absence of direct evidence, to prove a claim indirectly under the *McDonnell Douglas* framework, a plaintiff must show that

she engaged in protected activity; she suffered a materially adverse employment action; she was meeting her employer's legitimate expectations; and she was treated less favorably than similarly situated employees who did not engage in protected activity. *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 370-371 (7th Cir. 2019)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Here as in *McDaniel*, Plaintiff's claim is doomed because the two successful candidates also had histories of EEO activity, so Plaintiff has failed to suggest similarly situated employees who did not engage in protected activity. *See also Mannie v. Potter*, 394 F.3d 977 (7th Cir. 2005) (finding the plaintiff fell well short of providing direct evidence of retaliatory animus and likewise failed to show indirectly by proving that similarly situated employees who had not made EEO claims were treated more favorably). Plaintiff therefore has failed to prove her retaliatory failure to promote either directly or indirectly.

### B. Hostile Environment

The remaining claims (Nos. 2, 3, 4, 6, 7, 8, 9, 10, 11, and 13) that Plaintiff made in an administrative EEO complaint allege she was retaliated against and was subject to a hostile environment due to her prior EEO activity. The record shows that the administrative agency, the Department of Veteran Affairs,

Case: 1:17-cv-02896 Document #: 79 Filed: 08/10/21 Page 7 of 9 PageID #:2029

conducted a lengthy and through investigation into Plaintiff's complaints of retaliation and hostile environment and found that they were job related and, similar to her failure to promote claim, were not as a result of retaliation. The Agency also found that the claimed harassing conduct was not sufficiently severe or pervasive to create an objectively hostile work environment. The latter clearly is a correct conclusion. The Supreme Court has held that the law does not prohibit all verbal or physical harassment in the workplace. To amount to hostile workplace environment, the harassment must be "so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998). This is not the case here. Plaintiff is complaining of a few cases of alleged rudeness (Nos. 2 and 3); denial of annual leave requests (Nos. 4 and 11); forced to use leave without pay (Nos. 7 and 10); given additional duties without any assistance (No. 6); and forced to use annual leave for arriving late to work (No. 11). This laundry list of complaints occurring over a long period of time falls far short of the standard of *Faragher*. None of the described injuries "amount to discriminatory changes in the terms and conditions of employment." *Id.* at 788.

- 7 -

Therefore, the Court finds in favor of the Defendant on the hostile environment claim.

### C. Rehabilitation Act Claim

The Defendant has moved to dismiss Plaintiff's Rehabilitation Act claim on the basis that it is barred because she did not raise it administratively and therefore did not exhaust administrative remedies before filing this suit. Plaintiff spent two years administratively exhausting the thirteen claims considered above. After losing before the administrative agency on all thirteen claims she now seeks to recover for one she did not raise. Nowhere does the word disability appear in her pleadings before the agency. Moreover, the agency officials all claim under oath that they did not know she even had diabetes, let alone being disabled by this disease.

Under the Rehabilitation Act, federal agencies are prohibited from discriminating on the basis of an individual's disability. An individual that has suffered discrimination can seek relief pursuant to the procedures and requirements outlined in Title VII of the Civil Rights Act, which includes the requirement that a claimant must exhaust administrative remedies prior to bringing a suit in federal court. While not jurisdictional, it is a condition precedent. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). The purpose of the requirement is to promote resolution of the dispute

by settlement or conciliation and to ensure that the employer receives adequate notice of the charges against it. There is one escape provision for a plaintiff who fails to allege a claim before the administrative body. A plaintiff must meet the test set out in *Jenkins v. Blue Cross Mt. Hosp. Ins. Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). A claim can be saved if it is "reasonably related to the allegations of the charge and growing out of such allegations." *Id.* Here the Plaintiff made absolutely no mention of disability, a need for accommodation, or even that she was a diabetic. Plaintiff grasps at a straw in order to argue that her complaints of sick leave denial could be related to a claim of disability. In fact, her Complaint claimed that problem existed in retaliation for her EEO activity and not that she was being denied an accommodation. Therefore, her claim of a disability did not relate to the allegations of her administrative charge and certainly did not "grow out" of her allegations. Her claim for disability is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court grants the Secretary's Motion for Summary Judgment on all claims.

**IT IS SO ORDERED.**

DATED: 8/10/2021

_____
Harry D. Leinenweber, Judge
United States District Court